NAPIER, executrix, *et al. v.* MITCHELL *et al.*

94

*J. Howell Green,* for plaintiffs.

*Harold Hirsch, Marion Smith, George & John L. Westmoreland, Walter G. Cooper Jr.,* and *Robert P. McLarty,* for defendants.

Gilbert, Justice. Mrs. Frances Napier as executrix of the will of George M. Napier, deceased, filed an equitable petition asking for direction as to the distribution of said estate, naming as defendants H. S. Rogers, T. M. Mitchell, Reagan L. Jones, M. L. Hirsch, and F. C. Mims. She alleged that there were numerous unsecured creditors of the estate, H. S. Rogers being named as one of the class and to represent the entire class; that Reagan L. Jones held a loan deed executed by her testator and duly recorded, conveying 500 acres of land to secure an indebtedness originally of $12,000, the said land being in what is known as the Broomtown Valley in Walker County, Georgia, and divided by what is known as the Broomtown Road; also forty acres, known as the Hood tract and lying on the east side of the road, not being included in the loan deed to Jones. Subsequently, on October 15, 1927, Napier sold to T. M. Mitchell the land west of the road, and Mitchell executed to Napier a series of purchase-money notes, three $1745.44 notes of which being unpaid at the time the petition was filed, and being found among the effects of Napier, and since his death they have been in the possession of the executrix except one which has been paid. The Hood tract on the east side of the road was conveyed to M. L. Hirsch, with numerous other tracts of land, to secure an indebtedness due to him by Napier, after which conveyance and record Napier on October 11, 1928, sold the land east of the Broomtown Road, including the Hood tract, to T. M. Mitchell, who executed to Napier a series of purchase-money notes. One unpaid note of $1000 was found among the papers of the deceased, and at the time of the filing of the petition was in the hands of the executrix, the said note maturing on December 1, 1937; two other notes of $1000 having been disposed of by Napier in his lifetime, and being in the hands of innocent parties. It was alleged that F. C. Mims asserted some claim which might involve a certain lot

of land in Glynn County. It was further alleged, that, with the exception of $752.25 collected by the executrix from an insurance policy on the life of Napier, the three notes of $1745.44 each, and the $1000 note due December 1, 1937, there were no assets belonging to the estate, except other notes and stocks which were practically worthless, and two lots in Glynn County, about which nothing was known as to the condition of the title or as to the outstanding taxes against them, which lots were practically worthless; that there had been set apart a year's support for the petitioner and her minor children from the estate of Napier, the household and kitchen furniture which amounted to little, and the sum of $2500; that she could not decide, without the direction of the court, what disposition to make of the assets in her hands, in view of the contentions made by the defendants; and that she was remediless at law. She prayed for order requiring that the claims be set up, that the assets be marshaled, that the issues raised by the petition be disposed of, and that complete directions be given her as to the distribution of the assets.

Mitchell filed an answer and two amendments, the details of which will not be set forth here, because on the trial of the case the various parties submitted an agreed statement of facts. M. L. Hirsch filed an answer setting up the amount he claimed to be due him by Napier, which will not be referred to in detail, because of the agreed statement above mentioned. Jones filed an answer setting up his claim. F. C. Mims filed no answer. Mrs. Frances Napier, individually and as next friend of her minor children, Eulalie and Frances Napier, intervened and set up that upon her application for a year's support the appraisers appointed by the court had made their return awarding $2500 and the household furniture belonging to the estate, and that the ordinary had made the return the judgment of the court; that they were entitled to have the $2500 paid to them from the estate of the deceased Napier, in preference to other claims; and she prayed the court to direct the executrix to pay them the amount set apart as a year's support as a priority. Under the agreed statement of facts it was admitted by the parties, among other things, that Napier, on October 12, 1928, became indebted to Mrs. Edna Avery Jones as guardian of Reagan L. Jones, in the sum of $12,000, secured by a loan deed on certain described property consisting of 505.5 acres

of the Broomtown Valley property of Napier; that Reagan L. Jones having become of age, the interest had become vested in him; that on February 1, 1928, Napier borrowed $8208.48 from M. L. Hirsch, giving as security a loan deed conveying several tracts of land, together with the Hood tract of 40 acres lying east of the Broomtown Road (not included in the loan deed to Jones); that on September 21, 1927, Napier sold to T. M. Mitchell on bonds for title property which was understood to be "all the land belonging to the first party west of the Broomtown Road," but that in the bond the land was inaccurately described, though the land intended to be sold was well understood between the parties, and possession was given in accordance therewith, and that there had never been any controversy in that respect. It was further recited that thereafter Napier sold Mitchell the remainder of the plantation, again very inaccurately describing the land, but showing that it was to contain "all the land owned by the grantor in the Woodside plantation on the east side of Broomtown Road." Two separate bonds for title were executed in this trade, dated October 11, 1928, to each of which was attached by Napier, or by his authority, an explanatory statement indicating that the description was to include "the Hood tract of 40 acres with improvements thereon." The statements made in the bonds for title as to the price and the payments were somewhat confused, but it was agreed that the purchase-money notes of $1745.44 each, for the land west of the Broomtown Road, had been paid by Mitchell, except two, one being due November 15, 1933, and the other November 15, 1934. Of the $1000 notes for the land east of the Broomtown Road all had been paid except three, two being in the hands of innocent persons and the other being in the hands of the executrix, and being due in December, 1937, and having been found among Napier's effects. It was agreed that the lands intended to be sold to Mitchell were correctly described in the amendment filed by him under date of December 6, 1934; that he took possession of them with the full approval and consent of Napier; and that the bonds should be reformed or the correct description be included in the verdict or judgment in the case.

It was further agreed that in 1927 Napier returned for taxation in Walker County the lands east and west of the Broomtown Road, subsequently sold to Mitchell on bonds for title, and that he also returned five head of mules, six head of cattle, twelve head of hogs,

and farming tools, the said personalty having been subsequently sold and delivered to Mitchell as part of the transaction for the lands and being included in the purchase-price. These taxes were unpaid, and this fact was unknown to Mitchell. After transfer of fi. fas. in the hands of other parties, Mitchell paid them off on October 5, 1932, the principal being $369.83 and the interest being $128.35, a total of $498.18. Included in the agreed statement was a copy of a letter from Napier to the guardian of Reagan L. Jones, in which it was stated by Napier that as to the $1745.44 notes he held the same in trust for the payment of the encumbrance in her favor, and would apply to that indebtedness all the money received from Mitchell. Also set forth in the statement was a copy of a judgment at an interlocutory hearing, in which it was recited that the said notes were held in trust, in connection with which the court directed that Mitchell pay to the attorney of Mrs. Jones, guardian of Reagan L. Jones, one of the notes which had matured at that time; and such payment was accordingly made. The record shows that the judgment was not excepted to; and nothing appearing in the record contrary to the recitals in the judgment as to the fact of trusteeship, the judgment in that respect became res adjudicata. Also set out in the agreed statement was certain correspondence between Napier and Mitchell with respect to the one unpaid note of $1000 in Napier's hands. Without setting it out fully, it is sufficient to say that, properly construed, the correspondence shows that Napier was holding the note in trust for the payment of the same with interest to M. L. Hirsch when Mitchell made payment thereof. It was agreed in the statement that there remained unpaid on the Hirsch encumbrance, as of the date of the statement, October 13, 1934, $7299.18 principal plus interest, secured by the 40-acre Hood tract east of the Broomtown Road, and that the unpaid balance due on the Jones encumbrance was $3634.65 plus interest. It was agreed that these encumbrances were unknown to Mitchell at the time he bought the property from Napier. It was also admitted that Napier, in pursuance of his promise, applied the payments from Mitchell against the encumbrances, except as to one note, that the balances remained as above set forth, and that at the time of his death Napier was insolvent and unable to respond to Mitchell for the amount involved in the failure of consideration; also that Mitchell was unaware, at the time of pur-

chase, of the unpaid taxes hereinbefore mentioned. Whether or not the two remaining notes of $1745.44 each, and the one remaining note of $1000, constituted assets of the estate of Napier was a question at issue between the parties. It was undisputed that Mitchell, if he owed Napier anything, was indebted in the total of the three notes, $4490.88, plus interest. There was a dispute between the plaintiff and the defendants as to whether or not Mitchell was entitled to credit for the unpaid taxes as against the claim of year's support. It was admitted that the plaintiff had collected only $752.25 on two insurance policies of the deceased; that she held certain notes and stocks of outside parties, which were worthless, and also held claim to two lots in Glynn County, which were of "nominal" value, but the parties knew nothing as to the condition of the title to these lots; that there were no other assets of the estate, and that as to the three notes above mentioned the plaintiff claimed that they were assets of the estate, and the defendants claimed that they were held in trust, not for the estate, but for others, as hereinbefore set out. It was admitted that there had been set apart as a year's support for the widow and minor children $2500 and household and kitchen furniture, the proceeding in the court of ordinary being enjoined in the present proceeding; and that, exclusive of the three notes above mentioned, the estate of Napier was insufficient to pay the amount set apart as a year's support, the property conveyed by Napier to Hirsch, except as to the 40-acre Hood tract, having been disposed of by Napier or having been foreclosed in his lifetime. Dr. F. C. Mims, a party named as defendant, made no appearance.

The case was submitted to the court without a jury. It was decreed that Reagan L. Jones had a first security deed against the property east and west of the Broomtown Road, except the 40-acre tract, the debt secured thereby being a balance of $3634.65 principal, and $624.30 interest to the date of the decree, a total of $4258.95; that M. L. Hirsch had a first security deed against the 40-acre Hood tract east of the Broomtown Road, the debt secured being a balance of $7299.18 principal, and $2805.64 interest to the date of the decree, a total of $10,105.82; that the bonds for title from Napier to Mitchell be reformed in accordance with the descriptions given in Mitchell's amendment of December 6, 1934; that Mitchell signed two notes for $1745.44 each, payable to Napier, as

part of the consideration in the bonds for title to the property west of the Broomtown Road; and that Napier did not at that time have a clear title to the property, but had encumbered it by the Jones security deed; and it appearing that Napier's 1927 taxes were unpaid and were a valid lien on the property and were paid off by Mitchell, and that neither the claim of year's support nor expenses of administration of the estate could impair the validity of said tax lien or take precedence over it, it was adjudged that there had been a failure of consideration as to said notes to the extent of the two said encumbrances, that Mitchell was entitled to deduct the amount of the same from the two $1745.44 notes on account of the insolvency of Napier, and that the amount to be deducted was as follows: Reagan Jones encumbrance, principal $3634.65, interest $624.30, a total of $4258.95; 1927 taxes, principal $369.83, interest and costs $194.16, a total of $563.99, or a grand total of $4822.94; that the amount of the two notes, if anything were due by Mitchell, was $3490.88, and interest $863.24, a total of $4354.12, leaving a deficiency or credit in favor of Mitchell of $458.82 as to the Jones encumbrance; and that as the 1927 taxes were also a lien on the entire tract east of the Broomtown Road, including the 40-acre Hood tract not included in the Jones deed, $105.17 of the total unpaid taxes of $563.99 would be applied, with the Jones encumbrance of $4258.95, the two totalling $4354.12, to balance out the $4354.12, the amount of the two $1745.44 notes and interest, executed by Mitchell, and the balance of the taxes, $458.82, be considered as a deduction in connection with the Hirsch encumbrance. Therefore it was decreed that the plaintiff turn over the two notes to Reagan Jones or his attorney, indorsed specially and without warranty and without recourse, together with a deed to the tract west of the Broomtown Road, the said deed reciting that it was made pursuant to bond for title and to the order of the court and subject to the Jones security deed, naming T. M. Mitchell as grantee, to be held in escrow by Jones or his attorney pending payment to him by Mitchell of the unpaid balance of $3634.65 and interest of $624.30, a total of $4258.95, and future interest, and that upon such payment the said notes and deed be delivered to T. M. Mitchell, provided there be no foreclosure of the Jones security deed in the meantime, it being provided in the decree that Jones was at liberty to foreclose or pursue any remedy allowed him by law.

Further, it appearing that there were three of the $1000 notes given by Mitchell to Napier as part of the consideration for the bond for title to the property east of the Broomtown Road, and that at the time of the purchase Napier did not have clear title to the land, but had previously encumbered all of it except the 40-acre Hood tract which was subsequently conveyed to Hirsch by security deed, and it appearing that the 1927 taxes were unpaid and were a valid lien on the property and were paid off by Mitchell, and that neither the claim for year's support nor expenses of administration did or could impair the validity of said tax lien or take precedence over it, it was decreed that there had been a failure of consideration as to said notes to the extent of the Jones, Hirsch, and tax encumbrances, and that Mitchell was entitled to deduct the amount thereof from the remaining $1000 note in the hands of the executrix, the other two having been transferred by Napier and being in the hands of parties not affected by the present suit, and on account of the insolvency of Napier the deductions should be allowed as follows: Reagan Jones encumbrance, principal $3634.65, interest $624.30, total $4258.95; M. L. Hirsch encumbrance, principal $7299.18, interest $2805.65, total $10,104.82; 1927 taxes, principal $369.83, interest and costs $194.16, total $563.99; grand total $14,927.76. However, since the Jones encumbrance of $4258.95, with part of the taxes, $105.17, had been taken into account in connection with the two $1745.44 notes and interest, by eliminating the same from the above there would be left, as to the M. L. Hirsch encumbrance, the balance of 1927 taxes, $458.82, and Hirsch encumbrance, principal $7299.18, interest $2805.64, a total of $10,563.64, as against the $1000 note in the hands of the executrix; and since the M. L. Hirsch encumbrance and the balance of taxes exceeded the amount of said note, it was decreed that the plaintiff recover nothing from Mitchell, and that she immediately enter on the said note a credit of $458.82 which was the excess of the Jones encumbrance, taxes, and interest, as hereinbefore set forth, over the amount of the two $1745.44 Mitchell notes and interest, and that she deliver the said note into the hands of the clerk of the superior court of DeKalb County, with a deed conveying the property east of the Broomtown Road, the deed reciting that it is made pursuant to bond for title and to the order of the court and subject to the security deed in favor of M. L. Hirsch as to the

40-acre Hood tract, and subject to the security deed in favor of Reagan Jones as to the rest of the land conveyed, T. M. Mitchell to be named as grantee in the deed, which is to be held in escrow by the clerk of the superior court of DeKalb County until payment of the two $1000 notes in the hands of holders not parties to the suit, the said notes maturing December 1, 1935, and December 1, 1936, respectively, and that upon such payment by Mitchell the deed signed by the plaintiff and the $1000 note in her hands, maturing December 1, 1937, be delivered to T. M. Mitchell; it being provided in the decree that nothing therein should hinder M. L. Hirsch or Reagan Jones in the enforcement of their respective security deeds, but that each should be at liberty to foreclose or pursue other remedies allowed by law.

It was further decreed that the two notes of $1745.44, as above referred to, were held in trust by Napier at the time of his death, to pay the balance owed on the Jones debt, and, that until sued on so far as necessary to discharge said encumbrance, the notes were not assets of the estate of Napier, and not subject to the year's support or expenses of administration; and that since they were subject to a good defense of the maker, T. M. Mitchell, nothing was due on them. Further, that the note for $1000 from Mitchell to Napier, maturing December 1, 1937, was held in trust by Napier at the time of his death, to clear the encumbrance on the 40-acre Hood tract in favor of M. L. Hirsch for the protection of Mitchell, and that until so used as far as necessary to remove the encumbrance the note was not an asset of the Napier estate and not subject to the claim of a year's support or the expenses of administration; and that since the same was subject to a good defense of Mitchell, nothing was due by him on the note. Further, that Dr. F. C. Mims made no answer to the suit and was in default, and had no interest or claim to the lots in Glynn County as against the plaintiff, the estate of Napier, or the intervenors. Further, that the plaintiff had in hand $752.25, proceeds of insurance, and was directed to pay that sum to Mrs. Frances Napier, as widow claiming under a year's support, for the use of herself and two minor children. Further, that the notes and stocks held against parties outside of the suit, two lots of nominal value in Glynn County, Georgia, were subject to the claim for year's support and should be devoted to such purpose. Further, that, there being no assets for

unsecured creditors of the Napier estate of his class, H. S. Rogers could recover nothing in the suit. As to the two $1745.44 notes of Mitchell, as well as the $1000 note, all three being in the hands of the executrix, judgment was rendered against the intervenors and Mrs. Frances Napier individually and as next friend for her two minor children who had since become of age, and in favor of T. M. Mitchell. Reagan Jones, M. L. Hirsch, T. M. Mitchell and H. S. Rogers were not liable for the costs of the suit, and judgment for same was rendered against the plaintiffs.

To this decree Mrs. Frances Napier as executrix of the will of George M. Napier, deceased, and in her individual capacity, and Eulalie Napier and Frances Napier, daughters of the deceased and Mrs. Napier, excepted with numerous and extensive assignments of error. The first eleven assignments may properly be considered together. It is contended that the court erred in holding that the 1927 taxes paid by Mitchell were superior to the claim of year's support. The others of the first eleven assignments relate to portions of the decree which plaintiffs in error state were holdings; (2) that Mitchell properly paid off the taxes, and that the lien was superior to the claim of year's support; (3) that there had been a failure of consideration as to the Mitchell notes; (4) that Mitchell was entitled to a deduction from the two notes of $1745.44 each, for the amount of the Jones encumbrance and $105.17 of the 1927 taxes paid by him, leaving $458.82 of the taxes to be considered as a deduction in connection with the 40-acre Hood tract on which Hirsch held an encumbrance; (5) that the plaintiff turn over to Jones or his attorney of record the two notes of $1745.44, with a deed executed to Mitchell conveying the land west of the Broomtown Road, to be held in escrow and later delivered to Mitchell on certain named conditions; (6) that neither the year's support nor the expenses of administration did or could impair the validity of the tax lien or take precedence over it; (7) that Mitchell properly paid the 1927 taxes; (8) that there had been a failure of consideration as to the $1000 note in the hands of the executrix; (9) that the balance of the 1927 taxes, $458.82, after applying $105.17 in the settlement between Mitchell and Jones, and the balance due Hirsch of $10,563.64, should be deducted from the $1000 note, and that since the deduction exceeded the balance on the $1000 note, Mitchell was due nothing thereon, and the executrix should enter

the credit of $458.82 above mentioned and deliver the note, together with a deed naming T. M. Mitchell as grantee, conveying the property east of the Broomtown Road, subject to the deed to Hirsch for the 40-acre Hood tract and to the security deed of Reagan Jones, to the clerk of the court, to be held by him in escrow and then delivered to Mitchell upon certain conditions named in the order; (10) that the two notes of $1745.44 were held in trust by Napier for the purpose of paying the Jones encumbrance, plaintiffs in error contending that even if such trust existed, the claim of year's support was superior; (11) that the remaining $1000 note in the hands of the executrix was held in trust by Napier to clear the 40-acre Hood tract from the Hirsch encumbrance, and that said note was not subject to the claim of year's support or the expenses of administration of the Napier estate. The assignments of error did not question the calculation of the encumbrances, interest, etc., as such, independently of the claim of year's support, but it was contended that the decree was contrary to law, because the notes were assets of the Napier estate and should not have been considered for the benefit of T. M. Mitchell as being held in trust by Napier at the time of his death, but should have been applied to the payment of the year's support. All of the assignments of error just mentioned are predicated on the question whether or not the notes were assets of the estate of Napier.

In the assignments of error the statement that the court held that the 1927 taxes were a lien superior to a claim for year's support and expenses of administration was inaccurate. The holding was, as shown in the foregoing recitals of the decree, that the notes were not assets of the Napier estate, but were held by him in trust for others, rather than for the estate, and hence were not subject to the claims mentioned. This was not a holding that the tax lien was superior to a year's support or expenses of administration, but rather that the notes, not being a part of the Napier estate, were not subject to be appropriated to a year's support or to expenses of administration. It requires no citation of authority to show that a year's support or expenses of administration can be set apart only from the property or assets of the estate in question. As shown in the foregoing, it was agreed that certain correspondence, as set out, took place between Napier and Mrs. Jones as guardian for Reagan Jones, as to the $1745.44 notes, a fair construction of which

is that Napier, after it was brought to his attention that he had executed to Mitchell bonds for title to property on which, unknown to Mitchell, there were encumbrances in favor of Jones and Hirsch, was holding such notes in trust for the satisfaction of the Jones encumbrance out of payments to be made by Mitchell. Plaintiffs in error urge that such agreement was a nudum pactum; but it is unnecessary to enter into any discussion as to whether there was any consideration for the trustship of the notes, because Napier by his own writing constituted himself thereby a settler or trustee of the notes. As stated by the eminent authority on trusts, Mr. Perry (ed. 1929), § 96: "Where there is no valuable consideration, yet if the settler, by a clear and explicit declaration duly executed and intended to be final and binding upon him, makes himself a trustee, courts of equity will enforce the trust, whether the nature of the property be legal or equitable, and whether it be capable or incapable of transfer. If it is a mere agreement, without consideration, to execute a declaration of trusts, courts will not act upon it." In the present case Napier not merely promised to become a trustee, but by his writing ipso facto declared himself a trustee. "Where a person orally or in writing explicitly or impliedly declares that he holds personal property in presenti for another, such declaration constitutes him a trustee of such property in an expressed trust for such other person." *McCreary* v. *Gewinner*, 103 *Ga.* 528 (29 S. E. 960).

Furthermore, it was shown in the agreed statement of facts that at an interlocutory hearing a judgment was rendered, reciting that such notes were held in trust by Napier for Reagan L. Jones, and an order was passed that payment of one matured note be made to the attorney of record of Jones, and that this was done; and it is undisputed that no exception was taken to that judgment, and such judgment as to the $1745.44 notes being held in trust became the law of the case. It was also shown, by setting out copies of correspondence with reference to the remaining $1000 note, as well as by a memorandum in his own handwriting and attached to the note, that Napier was holding the note as trustee for the benefit of Hirsch and Jones in applying the proceeds, when received, against the Hirsch encumbrance. It necessarily follows from a proper consideration of such evidence that as Napier was holding the notes in trust, they were not, at his death, assets of his estate and not

subject to be appropriated to the allowance of a year's support or expenses of administration. The court was also correct in holding that the 1927 taxes were a lien upon the property in question, together with certain live stock, and that Mitchell properly paid the same and was entitled to credit therefor in the equitable accounting. It was also properly shown in the decree of the court, based upon the agreed statement of facts, that there had been a failure of consideration as to the notes, the Jones encumbrance and the Hirsch encumbrance and the 1927 taxes being in amount far in excess of the principal and interest of the Mitchell notes. This calculation is not questioned by the plaintiffs in error, except as being made on the theory that the notes in question were held in trust for others, rather than as being assets of the Napier estate; and the only contention being that the court should have treated the notes as assets of the estate, and we having held above that such notes were held in trust by Napier, it follows that the court properly held that there had been a failure of consideration as to the notes in question. Because of our holding in the questions above discussed, it follows that there is no merit in any of the eleven assignments of error.

In the twelfth assignment of error the exception is to the decree that the intervenors were not entitled to recover on their claim for year's support. The rulings above made require a holding that this assignment is without merit. In the thirteenth assignment it is contended that the court erred in decreeing that M. L. Hirsch, Reagan Jones, T. M. Mitchell, and H. S. Rogers were not liable for the costs of the suit, and in rendering judgment against the plaintiffs; the contention being that the executrix was entitled to have the direction of the court as prayed, that the cost of administration should not be a charge against her individually, and that the three notes in question were assets of the Napier estate and should be used for the purpose of paying the year's support and expenses of administration. The judgment being properly for the defendants, they were not liable for costs which were rightfully assessed against the losing parties. In the fourteenth assignment it is contended that the court should have found that there was no evidence to show the value of the personal property included in the bonds for title from Napier to Mitchell, as distinguished from the value of the land also covered by the bonds for title; and that Mitchell had not

carried the burden, in setting up a failure of consideration, of furnishing evidence to show the extent of such failure of consideration. It was properly found by the court that the amount of the Jones and Hirsch encumbrances and the 1927 taxes paid by Mitchell on the land and the personal property was far in excess of the remaining Mitchell notes with interest. Mitchell successfully carried the burden of showing the total failure of consideration. It was unnecessary to separate the value of the personal property from that of the total value, because the court correctly found that Mitchell was due to the estate of Napier nothing on the notes, and therefore the plaintiffs could not be said to have been harmed by the failure to show the value of the personal property included in the bonds for title, in addition to showing the total failure of consideration, and that he was due nothing to the Napier estate. Under the law and the facts the court did not err in rendering the decree upon which error is assigned. *Judgment affirmed. All the Justices concur.*